IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Dwayne Garvin, ) | Civil Action No.:2:13-00442-DCN-BHH |
| ) | |
| Petitioner, ) | |
| ) | **ORDER AND** |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Chuck Wright, Major Neal Urch, and ) | |
| the Attorney General of South ) | |
| Carolina, ) | |
| ) | |
| Respondents. ) | |

The Petitioner, a state prisoner proceeding *pro se*, filed this habeas petition pursuant to 28 U.S.C. § 2241. This matter is before the Court upon the following motions: (a) Motion to Dismiss filed by the Attorney General of South Carolina (the "AG") (Dkt. No. 28); (b) Motion to Dismiss filed by Defendants Urch and Wright (Dkt. No. 33); (c) Petitioner's Motion for Bond Hearing (Dkt. No. 24); (d) Petitioner's Motion to Stay (Dkt. No. 57); and (e) Petitioner's Motion to Amend (Dkt. No. 44).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner John Dwayne Garvin ("Petitioner" or "Garvin") filed this habeas action on or about February 13, 2013. (See Dkt. No. 1.) A few days later, Garvin filed an Amended Petition. (See Dkt. No. 3.) On April 30, 2013, the AG filed a Motion to Dismiss. (Dkt. No. 28.) On May 1, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 31.) On May 1, 2013, Respondents Urch and Wright filed a Motion to Dismiss. (Dkt. No. 33.) On May 3, 2013, again pursuant to Roseboro, Petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 41.) On or about

May 24, 2013, Petitioner filed a Motion to Amend. (Dkt. No. 44.) On or about August 8, 2013, Petitioner filed his response to the Motions to Dismiss. (See Dkt. No. 58.)

## PROCEDURAL HISTORY

The Petitioner is currently incarcerated at Lee Correctional Institution ("Lee" or "LCI") of the South Carolina Department of Corrections ("SCDC"). At the time he filed the instant § 2241 Petition, he was incarcerated at the Spartanburg County Detention Center awaiting trial on charges of "drugs/trafficking in heroin, morphine, etc., 28g or more." (See Dkt. No. 1.)

> Petitioner alleged he was being held unlawfully for the following reasons (verbatim):
>
> Ground One: Double Jeopardy
> Supporting FACTS: The Petitioner's claim that the solicitor acting under color of the state law in pursuit of a second prosecution for the same offense as his first prosecution.
>
> Ground Two: The Petitioner claim's that the solicitor violated his right to procedural due process. With his control of Spartanburg County's Court Docket.
> Supporting FACTS: The Petitioner claims's that his right to be present at open and fair procedural hearing in State of South Carolina vs. John Dwayne Garvin. For his initial appearance, for his preliminary hearing, and for his second appearance.
>
> Ground Three: The Petitioner's right to bail was violated.
> Supporting FACTS: The Petitioner claim's that Spartanburg County Court's denied the Petitioner a right to bail, on the 18th of July 2012. His 7 month long pre-trial detention without a bail. Violate's his due process.
>
> Ground Four: Scott D. Robinson has violated the Petitioner right to adequate legal counsel.
> Supporting FACTS: My attorney, Scott. D. Robinson, has fail to file a motion for a bail bond hearing on the Petitioner behalf. And failing to represent the plaintiff on the 25th of October, 2012 for a preliminary hearing. Therefore violating the Petitioner's right to adequate legal counsel and his right to due process.
>
> Ground Five: The Petitioner is being denied right of access to the courts.
> Supporting FACTS: The Petitioner claim's that Spartanburg County Detention Center and Spartanburg County Courts has denied the Petitioners right of access to courts. On the 26th of November, the Petitioner filed an inmate

> grievance form about gaining access to the County's law library. The Petitioner was then told to write to the courts. On the 28th of November, the Petitioner wrote a letter to the court's about gaining access to the County's law library. The Petitioners letter was return to sender and stated "No law library at this address" upon the envelope. The denied access violate's plaintiff's due process.

(Dkt. No. 1; Dkt. No. 3.)

Petitioner requests, *inter alia*, to have the charges dismissed, and to have new counsel appointed. (See Dkt. No. 1; Dkt. No. 3.)

## APPLICABLE LAW

**Motion to Dismiss Standard**[1]

On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." Nemet

---

[1] In reviewing a Motion to Dismiss pursuant to Rule 12(b)(6), the court "may properly take judicial notice of matters of public records." Secretary of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004))

3

Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards, 178 F.3d 231; Giarratano, 521 F.3d 298).

## DISCUSSION

As noted above, numerous motions are pending in the instant case. (See Dkt. No. 24; Dkt. No. 28; Dkt. No. 33; Dkt. No. 44; Dkt. No. 57.) Because the undersigned concludes that abstention is proper, the Motions to Dismiss will be addressed first.

I. Motions to Dismiss (Dkt. No. 28; Dkt. No. 33)

All Respondents seek dismissal of the instant § 2241 petition. (See Dkt. No. 28; Dkt. No. 33.) Respondents Urch and Wright seek dismissal pursuant to the Younger v. Harris, 401 U.S. 37 (1971), doctrine. (See Dkt. No. 33.) The AG seeks dismissal for numerous reasons and contends, *inter alia*, the § 2241 petition is now moot,[2] in light of the Petitioner's convictions; the AG is not a proper Respondent;[3] and the petition should be dismissed pursuant to the Younger abstention doctrine. (See Dkt. No. 27; Dkt. No. 51.)

The undersigned recommends granting both Motions to Dismiss. (Dkt. No. 33; Dkt. No. 28.) Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction under 28 U.S.C. § 2254. However, petitions for federal habeas corpus relief filed by pretrial detainees can be brought under 28 U.S.C. § 2241, "'which applies to

---

[2] Certainly some of Petitioner's claims are mooted by his conviction. See Murphy v. Hunt, 455 U.S. 478, 481 (1982); Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir.1988). However, it is not clear that Petitioner's double jeopardy claim is mooted by his conviction. See Jacob v. Clarke, 52 F.3d 178, 180 (8th Cir. 1995) ("Though he has now been convicted after a second trial in state court, his pretrial double jeopardy claim is not moot."); Palmer v. Clarke, 961 F.2d 771, 774-75 (8th Cir. 1992); Reimnitz v. State's Attorney General of Cook County, 761 F.2d 405, 410 (7th Cir. 1985) ("It is true that, now that Reimnitz has been retried and convicted, the harm of the second trial has become irreparable; and it might seem therefore that the appeal would have to be dismissed as moot. But as we said earlier, we do not think our action in allowing the retrial should moot his claim that the retrial was improper. For if he is right, the conviction entered in that trial was void, and he must be released unconditionally, and without the blot of a criminal record. So he has something to gain from this appeal, though less than if the retrial had been postponed."). The undersigned therefore proceeds to the abstention analysis.

[3] The AG is not a Respondent in the instant action but was served pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (See Dkt. No. 8 at 1-2.)

4

persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" United States v. Tootle, 65 F.3d 381, 383 (4th Cir.1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.1987)).

The Supreme Court of the United States articulated the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances" in Younger v. Harris, 401 U.S. 37, 41 (1971). This policy, based on equity and comity, is commonly referred to as Younger abstention. Nivens v. Gilchrist, 444. F.3d 237, 241 (4th Cir. 2006). A basic doctrine of equity jurisprudence is "that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Younger, 401 U.S. at 43-44. From Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir.1994) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Although Petitioner's criminal trial is over, his appeal of those proceedings is ongoing. (See Dkt. No. 51-1.) The second criteria has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also addressed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal

constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir.1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

Federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. Dickerson v. Louisiana, 816 F.2d at 224-26; see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973). While the phrase "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. Moore v. DeYoung, 515 F.2d 437, 448-49 (3d Cir.1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. Id. at 449; see, e.g., Drayton v. Hayes, 589 F.2d 117, 121 (2d Cir.1979) (double jeopardy claim entitled to pretrial habeas intervention since "[t]he very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. Moore, 515 F.2d at 449.

The Fourth Circuit discussed such special circumstances in Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir.1996). In Gilliam, the petitioners sought relief pursuant to 28 U.S.C. § 2254, arguing that "because a state trial judge granted a mistrial over their objection and in the absence of manifest necessity during their first trial, subjecting them to a second criminal prosecution would violate their rights under the Double Jeopardy Clause of the United States Constitution." Gilliam, 75 F.3d at 885. The Fourth Circuit found relief was warranted:

> The State is correct that ordinarily irreparable harm cannot be shown simply because a defendant will be subject to a single criminal prosecution in which he must raise any constitutional claims he wishes as a defense to his conviction. "The policy of equitable restraint expressed in *Younger v. Harris* ... is founded on the premise that ordinarily a pending state prosecution

6

> provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Id*. However, because the Double Jeopardy Clause of the Fifth Amendment protects not only against multiple convictions but also "against being twice put to trial for the same offense," *Abney v. United States*, 431 U.S. 651, 660-62, 97 S.Ct. 2034, 2040-41, 52 L.Ed.2d 651 (1977), a portion of the constitutional protection it affords would be irreparably lost if Petitioners were forced to endure the second trial before seeking to vindicate their constitutional rights at the federal level, *see Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 303, 104 S.Ct. 1805, 1810, 80 L.Ed.2d 311 (1984); *Abney*, 431 U.S. at 662, 97 S.Ct. at 2041-42. Thus, the irreparable deprivation of this Fifth Amendment Double Jeopardy right is an extraordinary circumstance warranting federal court equitable intervention in Petitioners' state criminal proceeding.

Gilliam, 75 F.3d at 904 (footnote omitted).

Petitioner's double jeopardy claim does not fit within the special circumstances sufficient to warrant an exception to the Younger abstention doctrine; his trial does not implicate double jeopardy concerns. The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Constitution, Amendment V. The Supreme Court has determined this clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989) (abrogated on other grounds by Hudson v. United States, 522 U.S. 93 (1997)). To determine whether separate counts charge the same offense, courts apply the test set out by the Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932). Pursuant to Blockburger, double jeopardy clause analysis asks whether "the same act or transaction constitutes a violation of two distinct statutory provisions." Id.; see also Missouri v. Hunter, 459 U.S. 359, 368 (1983). "A finding that there were two distinct acts necessarily precludes a violation of the double jeopardy clause." Cantrell v. Ozmint, 8:05-3145-DCN-BHH, 2006 WL 2433864, *4 (D.S.C. Aug. 18, 2006); see also Blockburger, 284 U.S. at 302 ("Each of

7

several successive sales constitutes a distinct offense, however closely they may follow each other.").

Petitioner has not been subjected to double jeopardy, so the court should abstain pursuant to the Younger doctrine. Petitioner was charged with two counts of trafficking in heroin: one occurring on July 7, 2012, and another occurring on July 12, 2012. (See Dkt. No. 27-2 at 19-22 of 39.) Although the indictments referenced the same statutory code section (South Carolina Code § 44-53-370), Petitioner was not charged twice for one offense; he was charged for two separate violations of South Carolina law. His double jeopardy claim is therefore meritless. State v. Sanders, 324 S.C. 314, 320, 476 S.E.2d 711, 714 (Ct. App. 1996); see also Blockburger, 284 U.S. at 302; Doiley v. South Carolina, 3:08-3175-CMC-JRM, 2009 WL 3602029, at *11 (D.S.C. Oct. 27, 2009) ("Applying the above law to the facts of this case demonstrates clearly why petitioner was not subjected to double jeopardy. The victim testified that she was subjected to two separate and distinct sexual batteries. The first occurred inside her vehicle and the second outside her vehicle."). And unlike in Gilliam, the case *sub judice* does not involve a retrial. Because special circumstances do not exist to warrant federal habeas relief, the undersigned recommends granting the Motions to Dismiss (Dkt. No. 28; Dkt. No. 33.)[4]

II. Remaining Motions

Petitioner filed three motions presently pending: (a) a Motion for Bond Hearing (Dkt. No. 24); (b) a Motion to Stay (Dkt. No. 57); and a Motion to Amend (Dkt. No. 44).

---

[4] Petitioner makes many allegations in addition to his double jeopardy allegations in his habeas petition. None of these other allegations present "special circumstances" sufficient to warrant an exception to the general rule set forth in Younger.

A. Motion for Bond Hearing (Dkt. No. 24)

The undersigned recommends dismissing Petitioner's Motion for a Bond Hearing (Dkt. No. 24) as moot. As noted above, Petitioner has been convicted and is now in the custody of the South Carolina Department of Corrections. His request for a bond hearing is therefore moot. See Murphy v. Hunt, 455 U.S. 478, 482 (1982) ("It would seem clear that under this general rule Hunt's claim to *pretrial* bail was moot once he was convicted."); Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir.1988) ("Because [petitioner] is now legally in ... custody, we must hold that his request for release from pretrial confinement is moot."); Williams v. Slater, 317 Fed. App'x 723, 725 (10th Cir. 2008) ("We conclude that his conviction and sentence have mooted his request for an order to show cause for his pretrial confinement.").

B. Motion to Amend (Dkt. No. 44)

Petitioner's Motion to Amend (Dkt. No. 44) is denied. Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff, subject to certain time limitations, to amend a pleading once as a matter of course. See FED. R. CIV. P. 15(a)(1). Otherwise, a plaintiff may amend the complaint only with leave of the court or with the consent of the defendant. See id.; see also Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). Rule 15(a) provides, however, that leave to amend should be "freely give[n] . . . when justice so requires." Id. "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber, 438 F.3d at 426 (citing Conley v. Gibson, 355 U.S. 41, 48 (1957); Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999)). The Fourth Circuit has interpreted "Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Id. at 426-27 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Petitioner filed the instant Motion to Amend on or about May 24, 2012, after both Motions to Dismiss had been filed. (See Dkt. No. 44.) At approximately the same time–on May 23, 2013, Petitioner was convicted of trafficking in heroin. (See Dkt. No. 49-1.) In his Motion to Amend, Petitioner states that he "requests leave to file an amended petition adding new legal claims," though he does not identify such claim(s). (Dkt. No. 44 at 1 of 2.) Petitioner appears to contend such amendment would be "[b]ase[d] on the Respondent's Return and Memorandum . . . stating that the Petitioner was indicted on December 6, 2012." (Id.)  Petitioner's Motion to Amend (Dkt. No. 44) is denied because it is futile. As discussed herein, the instant § 2241 petition is subject to dismissal pursuant to the Younger abstention doctrine. In addition, Respondents are no longer Petitioner's custodian; Petitioner is now in the custody of the South Carolina Department of Corrections. Finally, most–if not all–claims that Petitioner could assert in his pretrial § 2241 petition are mooted by his conviction. See Murphy, 455 U.S. at 482; Fassler, 858 F.2d at 1018; Williams, 317 Fed. App'x at 725; see also Footnote 2. Petitioner's Motion to Amend (Dkt. No. 44) is therefore denied.

C. Motion to Stay (Dkt. No. 57)

On or about August 8, 2013, Petitioner filed a document entitled "Motion for Stay and Abeyance, Pursuant to 28 U.S.C. § 2251." (Dkt. No. 57.) In his Motion to Stay, Petitioner states that he is seeking a stay because "he has ongoing state proceeding[s] in the General Session Court of the Seventh Judicial Circuit for the County of Spartanburg, S.C. for indictment No. 2012-GS-42-5978 and in the South Carolina Court of Appeals for Appellate Case No. 2013-00-1209." (Dkt. No. 57 at 1 of 3.)

Petitioner's Motion to Stay (Dkt. No. 57) is denied. As a preliminary matter, it appears that Petitioner cites to 28 U.S.C. § 2251 to support his contention that the instant § 2241

petition should be stayed. (See Dkt. No. 57.) Section 2251, however, refers to the stay of state court proceedings. Section 2251 provides, in relevant part,

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251(a). This section provides no authority for a stay of the instant § 2241 proceeding. Furthermore, regardless of whether Petitioner seeks to stay the instant proceeding or his state proceedings, a stay is not warranted, as Petitioner's § 2241 petition is subject to dismissal pursuant to Younger v. Harris, 401 U.S. 37 (1971). Accordingly, Petitioner's Motion to Stay (Dkt. No. 57) is denied.

## CONCLUSION

Wherefore, it is ORDERED that Petitioner's Motion to Amend (Dkt. No. 44) is DENIED. It is further ORDERED that Petitioner's motion to Stay (Dkt. No. 57) is DENIED.

AND IT IS SO ORDERED.

Wherefore, it is RECOMMENDED that Respondents' Motions to Dismiss (Dkt. No. 28; Dkt. No. 33) be GRANTED, AND Petitioner's § 2241 petition be dismissed. It is further RECOMMENDED that Petitioner's Motion for Bond Hearing (Dkt. No. 24) be DISMISSED as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>United States Magistrate Judge

February 3, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).